## ADAMOS v. NEW YORK LIFE INS. CO.

### No. 7424.

District Court, W. D. Pennsylvania.
Feb. 2, 1934.

For former opinion, see 5 F. Supp. 278.

John D. Meyer and Alan S. Christner, both of Pittsburgh, Pa., for plaintiff.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

An equitable issue was raised in this case as to whether the life insurance policies sued upon were void for fraud on part of the insured. We heard this issue and found in favor of the defendant, by decree entered November 4, 1933. A new term has intervened since that decree.

The plaintiff, on January 30, 1934, asked a rehearing in this case, because the court failed to pass upon and decide whether the application of the insured attached to the policies sued upon became a part of the insurance contract, within the purview of the Pennsylvania Statute of May 17, 1921, P. L. 682, § 410 (d), 40 PS Pa. § 510 (d), formerly the Act of May 11, 1881, P. L. 20, by reason of the alleged illegibility of the copy of the application attached to the policies.

In the first place, a term has intervened since our decree of November 4, 1933, and we are of the opinion we have no power to modify or change that decree. Equity Rule 69 (28 USCA § 723) provides: "No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the Circuit Court of Appeals or the Supreme Court." We regard our decree of Novem-

ber 4, 1933, as a final decree from which an appeal would lie. Therefore a rehearing would be of no avail.

■ In the second place, we cannot find that the copy of the application is so illegible as to fail of compliance with the Pennsylvania statute. We have had no trouble in reading it, and do not think the applicant would. The application and the insurance policies, with the copy of the application, were offered in evidence on the trial of the equitable issue, without objection on the part of the plaintiff.

Counsel for plaintiff rely on the case of New York Life Insurance Co. v. Halpern (D. C.) 57 F.(2d) 200, 203, affirmed by Per Curiam Opinion of the Circuit Court of Appeals, 61 F.(2d) 1037, as sustaining their position. We cannot so read that case. Judge Gibson, the trial judge, merely held that the insurance company could not urge that the insured was estopped from asserting any error in the answers recorded in the application, because the copy attached to the policy was in such small type as to be practically illegible.

No such presumption was asserted or relied on by the insurance company in the instant case. We based no finding on any such presumption. To our mind, the proofs in this case disclosed a deliberate concealment by plaintiff of his physical condition and medical history, in order to induce the issuance of the insurance policies.

The plaintiff's petition for a new hearing will be denied.